## Case No. 11,792.

RICHARDSON et al. v. NOYES et al.

[2 Ban. & A. 398;[1] 10 O. G. 507.]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

PATENTS — SUIT FOR INFRINGEMENT OF TWO PATENTS — PRIORITY INTER SE — MAKING AND SELLING.

1. Where the complainant owns, and sues for the infringement of, two patents, each laying claim broadly to the same invention, it is not material which patentee was entitled to priority, unless the defendant shows that some one claims to have made the invention between the date of the two patents.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

2. It is infringement, if the defendants make and sell one part of a patented invention to other persons, to be employed by them for the express use to which it is put by the patentee. [Cited in Schneider v. Pountney, 21 Fed. 404; Parker v. Montpelier Carriage Co., 23 Fed. 886; Travers v. Beyer, 26 Fed. 450; Snyder v. Bunnell, 29 Fed. 48; Hobbie v. Jennison, 40 Fed. 890.

[This was a bill in equity by Lorenzo H. Richardson and others against Baxter B. Noyes and others for the infringement of letters patent No. 74,284, granted to Bein & Ulrich, February 11, 1867.]

T. L. Livermore, for complainants.
Horatio D. Parker, for defendants.

LOWELL, District Judge. The plaintiffs are the owners of two patents for improvements in children's carriages, one originally issued to Bein & Ulrich, February 11, 1868, and one to Henry M. Richardson, October 7, 1873 [No. 143,421]. The distinguishing feature in both these patents is, that the top of the carriage is connected with standards which are movable and may be adjusted and fastened in any required position, before or behind the child who is seated in the carriage.

The plaintiffs maintain that before 1868 carriages for children were made with tops like those of an ordinary gig or "buggy," which would fold back somewhat like a fan, but which could not be adjusted forward of the perpendicular at all, and behind it only by folding, and not by moving the whole top in one body. Both the patents above mentioned lay claim to the broad invention, but as the plaintiffs own both it is not very important to them which patentee is entitled to it, unless some one made the invention between the date of the Bein & Ulrich and that of the Richardson patents.

So far as novelty goes, we are of opinion that Bein & Ulrich, if they made this invention, were not anticipated by any of the patents or carriages which have been introduced in evidence. We have carefully examined all of these things, but shall only mention one which appears to us to approach the invention much more nearly than any of the others. The Whitney carriage, illustrated by Exhibit 1, was a child's carriage, with a folding back, and if the evidence is trustworthy, it had a locking device not substantially different from that of Bein & Ulrich, by which the top could be held in several positions. But this carriage differed from Bein & Ulrich's in two respects, both of which were limitations upon its usefulness, as compared with the patented carriage. It was not calculated for a standing top, but only for one which folded like a fan, whereas Bein & Ulrich's is adapted to either form; and second, it could not be tipped forward of the perpendicular. In other words, it did not have a top and standards so arranged as to move freely forward and backward, but only backward, and was kept from moving forward by the cloth of the back, or some substitute therefor. It appears to have proved imperfect, and to have been given up by reason of these very limitations. We do not consider it to be what is called an abandoned experiment, but an imperfect embodiment of the idea which is now found to be important.

The next question is, whether Bein & Ulrich's patent embodies the invention of the standard and top, so connected as to be readily moved and adjusted, practically at any required angle. This is a somewhat delicate question, and one upon which the experts differ. We think the preponderance of the evidence is that it did operate practically and usefully. It would seem that the inventors did not find a sale for their carriages, and that their invention was capable of a better application than they were aware of. As they applied it, the seat for the child was made to shift from one end of the carriage to the other, and this required a larger and more expensive carriage than is at all necessary, for as soon as you acquire the full power of shifting the top so as to shield the child in any required direction, it is useless to change the seat. We are satisfied from the evidence, and from inspection of the model, as compared with the patent, that the invention was made and described by Bein & Ulrich.

It follows that Richardson's patent must be restricted to the particular devices there specially described; but, as we have said, that is not material, because the plaintiffs own both patents.

Do the defendants infringe the Bein & Ulrich patent? We find that they do. They make only the standards for children's carriages; but it is admitted that they are made and sold to the carriage-builders for the express use to which they are put—that is, for children's carriages, and it is not denied that this makes them in law infringers, if their standards, when combined with the carriages in the mode in which they are designed to be combined, infringe the patent. Upon this point it seems to us that the defendants use standards which embody the Bein & Ulrich improvement. It is true that their standards are so pivoted to the top that the latter can be moved by itself, instead of being moved with the standards in the arc of a circle. This may or may not be an improvement, as to which the witnesses are at issue, but, if it be, it is by way of addition to the patent rather than in avoidance of it. It contains "the standard for supporting a carriage top, consisting of two parts suitably united, and provided with a device for locking said parts in any required position," as described in the patent.

Decree for complainants for an injunction and an account.

[For other cases involving this patent, see Parker v. Stow, 23 Fed. 252; Parker v. Montpelier Carriage Co., Id. 886; Parker v. McKee, 24 Fed. 808.]